IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DOUG BARNARD, as Personal
Representative of the Estate of G.B.,
a deceased minor,
          Plaintiff,

vs.                                         Civ. No. 10-862 JCH/DJS

FORD MOTOR COMPANY and
LARRY H. MILLER CORPORATION
–NEW MEXICO (d/b/a AMERICAN
TOYOTA),

          Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff's *Motion to Remand*, filed October 18, 2010 [Doc. 12]. The Court having carefully considered the motion, briefs, exhibits, and relevant law, and being otherwise fully informed, finds that Plaintiff's motion should be DENIED.

## BACKGROUND

The tragic events giving rise to this case occurred on March 12, 2010, when G.B., a passenger involved in a single vehicle rollover accident, was killed. *See* Complaint, attached as Ex. A(1) to Doc. 1 [Notice of Removal] at 2. On July 2, 2010, Plaintiff filed a Complaint in the First Judicial District of the State of New Mexico, County of Santa Fe, alleging that the seatbelt failed in the 2004 Ford Escape in which G.B. was riding, and, as a result, G.B. was partially ejected from the vehicle during the accident. *See id.* Plaintiff asserts claims against Ford Motor Company ("Ford"), the maker of the vehicle, for strict liability for manufacturing an unreasonably dangerous and defective product and for negligent design. Plaintiff also seeks

punitive damages from Ford. Plaintiff also states a claim against American Toyota ("AMT"), the car dealership that sold the Ford Escape involved in the accident, asserting that the dealership had a duty to warn customers about the design defects of the Escape.

Ford was served with the Complaint on July 6, 2010, and AMT was served on or about July 21, 2010. On August 3, 2010, AMT timely served its Answer. *See* Ex. B, attached to Doc. 1. In this Answer, AMT admitted Plaintiff's allegation that Larry H. Miller Corporation–New Mexico (d/b/a/ American Toyota) is a New Mexico Corporation, but denied that venue in the First Judicial District is proper. *See id*. at 2, ¶¶ 3, 4. On August 5, 2010, Ford timely served its Answer. On August 17, 2010, AMT timely served an Amended Answer. *See* Ex. C, attached to Doc. 1. This Amended Answer denied that Larry H. Miller Corporation–New Mexico is a New Mexico corporation, and maintained its objection to venue. *See id*. at 2, ¶¶ 3, 4. On September 16, 2010, Defendant Ford, with the consent of Defendant AMT, filed its Notice of Removal. *See* Doc. 1. On October 18, 2010, Plaintiff timely moved to remand the case to State District Court. *See* Doc. 12.

## LEGAL STANDARD

28 U.S.C. § 1332(a)(1), pursuant to which Ford attempts to remove this case, provides federal courts with jurisdiction only if there is complete diversity of citizenship between all plaintiffs and all defendants and the amount in controversy exceeds $75,000.[1] This Court "must rigorously enforce Congress' intent to restrict federal jurisdiction in controversies between citizens of different states." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1339 (10th Cir. 1998). Thus, removal statutes are to be strictly construed, with all doubts resolved against removal.

---

[1] The parties do not dispute that the amount in controversy meets the jurisdictional minimum.

*Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).  The removing party bears the burden of establishing that removal was properly accomplished.  *See Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

## ANALYSIS

A.  Citizenship of the Parties

Plaintiff alleges that he is a citizen of New Mexico.  Decedent appears to have been a citizen of New Mexico as well.  *See* Ex. D attached to Doc. 1.  For purposes of determining diversity jurisdiction, the legal representative of the estate of a decedent is a citizen of the same State as the decedent.  *See* 28 U.S.C. § 1332(c)(2).  Defendants do not contest that Plaintiff should be considered a citizen of New Mexico.  Defendant Ford is a Delaware corporation with its principal place of business in Michigan.  Plaintiff does not dispute Ford's claimed citizenship.  The crux of this matter is whether AMT is a New Mexico citizen.  Plaintiff contends that AMT is a citizen of New Mexico for purposes of determining diversity jurisdiction, and, therefore, complete diversity among the parties does not exist and the case must be remanded to state court.  Defendants contend that AMT is a citizen of Utah, so that the requisite complete diversity exists.  Defendants also contend that Plaintiff fraudulently joined AMT in order to defeat complete diversity.  Because the Court concludes that AMT is a citizen of Utah and is not a citizen of New Mexico, thereby creating complete diversity and rendering this case removable, it need not reach the issue of fraudulent joinder.

For purposes of determining citizenship in the diversity context, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  AMT appears to have been incorporated in Utah, *see* Ex. E attached to Doc. 1, and the parties do not appear to dispute this.

3

Rather, whether AMT is a citizen of New Mexico rests on a determination of whether its "principal place of business" is New Mexico or Utah. While this determination may have been a complicated endeavor prior to the Supreme Court's recent decision in *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010), it is now relatively straightforward. *Hertz* held that, for purposes of determining a corporation's "principal place of business," a court should look not to the place where the corporation generates the majority of its revenue or the place where the company conducts the bulk of its business activities that are publically visible, but rather to "the place where a corporation's officers direct, control, and coordinate the corporation's activities." 130 S. Ct. at 1192. This will generally be the place in which the corporation maintains its headquarters "provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the 'nerve center,' and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." *Id*.

On November 1, 2010, Ford supplemented its notice of removal with the affidavit of Sarah Starkey, a staff attorney for the Larry H. Miller Management Group, which includes AMT. *See* Doc. 19. The uncontested affidavit names each of the officers of AMT and lists their city and state of residence. The affidavit states that five out of six of AMT's officers are located in Sandy, Utah, with only AMT's President (who also serves as its registered agent for service in New Mexico) listed as residing in New Mexico. *See* Affidavit, attached as Ex. 1 to Doc. 19, at 1-2 ¶ 5. AMT's corporate records are kept in Sandy, Utah, which is also where its board meetings are held. *See id*. at 2 ¶¶ 6-7. Plaintiff has not come forward with any evidence to call the facts asserted in this affidavit into question, nor has he come forward with any evidence of manipulation such as "the alleged 'nerve center' is nothing more than a mail drop box, a bare office with a computer, or [merely] the location of an annual executive retreat." *Hertz*, 130 S. Ct.

at 1195.  Indeed, Plaintiff did not address Ms. Starkey's affidavit at all in his Reply, contending instead that "[t]he only document the Defendant relies on to support...their position that the principle [sic] place of operation[2] is in Utah is Exhibit E to the Notice of Removal."  Pl. Rep. [Doc. 28] at 1.  Exhibit E to the Notice of Removal is a screenshot from the New Mexico Public Regulation Commission's website, showing AMT to be incorporated in Utah and to have a mailing address in Utah.  The Court agrees that this piece of evidence, by itself, may not have been sufficient to meet Defendants' burden to demonstrate diversity of citizenship.  However, the further uncontested evidence provided by Defendants is sufficient to demonstrate that AMT's "principal place of business" is Utah under the *Hertz* test.

While it may seem somewhat counterintuitive that an automobile dealership whose sole location is in New Mexico would not be considered a citizen of New Mexico, the Supreme Court concluded that its new test promoted administrative simplicity and that "[a]ccepting occasionally counterintuitive results is the price the legal system must pay to avoid overly complex jurisdictional administration while producing the benefits that accompany a more uniform legal system."  *Hertz*, 130 S. Ct. at 1194.  The Supreme Court recognized that its test could result in a case in which "the bulk of a company's business activities visible to the public take place in New Jersey, while its top officers direct those activities just across the river in New York," resulting in the "principal place of business" being declared to be New York.  *Id*.  Similarly, in this case, the bulk of AMT's business activities visible to the public are conducted in New Mexico, but, based on the evidence before the Court, the company's top officers appear to direct those activities from

---

[2] In his Reply, Plaintiff contends that "[t]he question is, 'What is their principle [sic] place of operations?'" Doc. 28 at 1.  Throughout his briefing, Plaintiff refers to "place of operations" rather than "place of business."  While these two terms may seem interchangeable, "place of business" is a term of art with a specific definition.

Utah and the Court must therefore declare Utah to be AMT's principal place of business, making diversity jurisdiction appropriate.

### B. Timeliness of Notice of Removal

Generally, a Notice of Removal must be filed within thirty days of receipt by the defendant of a copy of the initial pleading setting forth the claim for relief. *See* 28 U.S.C. § 1446(b). However, "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant...of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id*. This case was not initially removable by Ford because the Complaint alleged that AMT was a New Mexico corporation, thereby defeating complete diversity of citizenship. Indeed, AMT's initial Answer, served on August 3, 2010, admitted that AMT was a New Mexico corporation. It was not until AMT served its Amended Answer, on August 17, 2010, that Ford could, for the first time, ascertain from "an amended pleading, motion, order or other paper" that removal was possible based on complete diversity. *See* 28 U.S.C. § 1446(b). Because its Notice of Removal was filed within thirty days of its receipt of AMT's Amended Answer, it was timely filed.

Plaintiff contends that Ford's Notice of Removal is untimely because "there is a close relationship between the two Defendants as evidenced by their work together on the case and their agreement that Ford would take over and defend [AMT]," such that, "by early August, the unified Defendants had notice of all of the information upon which they based their removal." *See* Motion to Remand [Doc. 12] at 6 ¶ 9. However, Ford and AMT had separate counsel both in state court and after removal to this Court, and cannot be said to have been "unified" in that manner. Indeed, Defendants did not move to substitute Ford's counsel for AMT's initial counsel

until October 13, 2010, approximately one month after Ford filed its Notice of Removal.  *See* Doc. 8.  Absent evidence to the contrary, the Court will not impute knowledge of AMT's corporate structure to Ford's attorneys, especially in light of AMT's initial Answer admitting citizenship in New Mexico.  If the right to remove is not clear and unequivocal on the face of the Complaint, the time for removal does not begin to run until a defendant is able to "intelligently ascertain removability" in a way that is not ambiguous.  *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998).  The Tenth Circuit does not impose a duty on a defendant to conduct an investigation to determine removability if removability is not clear from the face of the Complaint.  *See id*.  Thus, the time for filing a Notice of Removal did not begin running until Ford received AMT's Amended Answer, and its Notice was timely filed.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion to Remand* [Doc. 12] is DENIED.

_____
**UNITED STATES DISTRICT JUDGE**